Case number 18-640, Kyle Clark v. Kevin Lindsey. Court of argument is thought to exceed 15 minutes per side. Mr. Gentry for the rebuttal. Good morning, your honors. May it please the court, Kevin Gentry for the appellant. If I may, I'd like to reserve five minutes for rebuttal. All right. Thank you, your honor. Your honor, I want to address one small factual point before I get into my argument. It's clear from the record that Mr. Clark never went over the competency report with his client. Only the competency hearing, that's R-69, page 211. But it was – weren't they about to be at a hearing? They were about to be at a hearing, your honor. How could they have gone over a hearing that hadn't happened? We don't – I mean, I know exactly what you're referring to. I read your reply brief. But you have to make sense out of the statement. And it seems to me you can't make sense out of that statement and think he was referring to the hearing as opposed to the report. It appears to me, your honor, that they discussed the hearing as far as what a competency hearing is, what would happen. That's all I've been able to get out of my client, and that appears to be what happened here. That they discussed the hearing, what happened. Then the court changed the date because the report came in. Were you the counsel for the petitioner at his trial at which time they were going to conduct a competency hearing? No, I was not, your honor. I did not come in until the State Court of Appeals. All right. Your honor, there's two separate potential errors here. And those two are intertwined. The first one is the absence of counsel at the competency hearing. And that immediately brings up the question, which was only brought up in a supplemental filing by the prosecution, as far as why is this not a Mislanka case? And I'm probably mispronouncing Mislanka. But in that case, this court held that if the absence of counsel is voluntary based on counsel's own decision, then there's not a chronic remedy. And I'm not arguing against that. I'm saying that in this case there's a second problem. And that is that Mr. Clark was allowed to waive his counsel without the necessary Feretta and Tover findings and therefore was allowed to proceed as his own attorney in a situation where what was in question was his own competence. So tell me if I'm getting the stakes of the argument correctly. This all turns on chronic, right, because you have to have presumed prejudice, because otherwise you haven't argued there's prejudice from this, right? So that's why chronic's important. Am I right? You are, Your Honor. Okay. So that's the stakes here. Aren't all the chronic cases ones where the State had something to do with defendant's lawyer not being able to be at the hearing? Whereas this is a case where you just can't say the State was responsible in any way for either lawyer being there. It's just bad luck. Even if the State was not responsible under Godinez v. Moran, which I did not cite in my brief but should have, 509 U.S. 389, the Court has a duty to find out whether or not the defendant can competently represent himself. But, I mean, we're in AEDPA land, and you have to show there's a clearly established problem. What's the U.S. Supreme Court case where the Court applied the chronic presumption, but the State had nothing to do with the failure of the defendant's lawyer to be there at the hearing? Which case is that? Your Honor, there's not one. And that's why I'm saying that there's a separate problem after chronic, and that is the Feretta problem. But, I mean, the Feretta problem? Is that what you're saying? Yes, the Feretta-Tover problem. So, Feretta, you're saying this was him representing himself? This was him representing himself. He was allowed, Your Honor, to represent himself at the competency hearing. If his counsel's not there, then at that point he's saying, okay, I'm going to say that I want to go to trial. I'm going to say that whatever the competency report is, okay. There's no way the trial judge had any reason to think he was about to represent himself in trial. That's not the way this came down. It came down as, oops, mistake, but I've talked to them. We're good. I'm okay with going forward. He doesn't say I'm okay with going forward by myself. You mean he was representing himself at the competency hearing, not the trial? Correct, Your Honor. Well, really, was the judge sort of a proxy for the prosecution by permitting, by proceeding with the competency hearing without the presence of the defense counsel? I guess the judge said at the proceeding that the lawyer said that he wasn't coming or he had something else to do or something like that. And instead of adjourning the hearing or requiring counsel to be there, the judge proceeded and he proceeded over the reluctance seemingly of the prosecution. That's correct, Your Honor. Prosecutor Haslam was exactly correct when he said, Your Honor, we should delay this to get Mr. Lacamari and the co-counsel in there, Mr. Cadola, and find out which of them is representing him and get them here before that. Instead, the state says, the judge says, the state says, no, we set this for an advanced scheduling date based upon the report appearing and we're not going to allow that adjournment to happen. So I think Your Honor's right that there is a state action there because the judge was essentially, not only was he acting as almost an advocate for the prosecution, he was going beyond what the prosecution said. The prosecutor would have been very content for a one-week adjournment and having counsel there as they should have been. And that's really where this thing went sideways is when they allowed this competency hearing. The competency hearing was held. Somebody had to represent defendants. Did the prosecutor ultimately say, I'm okay with this, given that he'd heard that the defendant had talked to his lawyers? The prosecutor ultimately acquiesced to what the judge wanted to do, yes, Your Honor. Well, that's not how I read it, but when you say acquiesced, you're making it sound like they were beaten down. I don't think he was beaten down. I think he said, okay, Your Honor, he's not going to take a hand that the judge is dealing him that's in his favor and argue against it. So the clearly established law, is this more of a Feretta case or a Cronic case? More of a Feretta case, Your Honor. Okay, so what's the Feretta case where it's not a situation where he's going to represent himself throughout and it's just this temporary thing where the lawyer's not there and suddenly we have to go through a Feretta thing, even though there's been communications as to what counsel thinks, which is the opposite of Feretta, of course. So what's that case in the U.S. Supreme Court? Godinez v. Moran, 509 U.S. 389. This is the one you didn't mention? This is the one I didn't mention because I only found it when I was preparing for oral argument. Was the site 508 U.S.? 509 U.S. 389. And in particular, it's at pages 400 through 401 in note 13. Basically speaking, Your Honors, what the holding there is, is that, and remember, the competency hearing was held. Somebody represented the defendant at the competency hearing, either his counsel who wasn't there or the defendant who was there. And if the defendant was the one representing himself, then at that point we need the Feretta warrants. Now, the defendant was there for a competency hearing. Did the judge engage in any inquiry to determine whether the defendant was competent to waive the absence of his counsel? Not at all, Your Honor.  And that's where Godinez comes in, which says if the court has reason to believe that there is a question of competency, it has to do a competency hearing. And the competency hearing has to happen before a defendant can be allowed to represent himself. So you get very circular when you have a competency hearing for an incompetent defendant, but you're allowing him to represent himself at that hearing when the question is whether or not is he competent, but he has to be competent to defend himself. Counsel, if I might interrupt, remind me. Subsequent to this competency hearing, did trial counsel ever raise this issue? Trial counsel did not, Your Honor. Trial counsel did not. The judge had the opportunity to rule on the issue when APA has them brought it up. The judge ruled on the issue. That count is preserved in the Michigan courts, and the Michigan Court of Appeals treated it as a preserved issue. So Godinez followed on that claim then? I'm sorry, Your Honor. They could have raised it, couldn't they? They could have raised it, Your Honor. They would have had to raise their own incompetence, which I think would have been a problem because they would have had to raise a Strickland claim against themselves, which would have been an obvious problem. And I'll reserve the rest of my time for rebuttal, Your Honors. All right. Good morning. Good morning, Your Honors, and may it please the Court, Rebecca Burles, Assistant Attorney General, on behalf of the Respondent, Apple Lee, Warden Kevin Lindsey. Your Honor, as Judge Sutton pointed out, we're in Edpo land, so what's truly at issue in this case is whether the United States Supreme Court has ever held that a competency hearing, such as the one that occurred in this case, is a critical stage of the proceeding to which chronic presumption of prejudice extends. Let me ask you. Now, in this case, the Michigan Court of Appeals, in this decision, indicated that it was assuming that a competency hearing was a critical stage of the proceeding. So based on that state court determination, we're not concerned about whether this was a critical stage, because the state court said that for purposes of its decision, it was assuming that it was a critical stage. Would you agree with that? I think that's not necessarily true, Your Honor, because under Edpo, deference is owed to the state court decision and not to its reasoning. So this court's responsibility is to determine any arguments that did support or could have supported the state court's decision. And in this case, the state court's decision was a denial of relief under the chronic claim. And so if chronic didn't even apply in the first instance, that is a decision or a reasoning that could have supported the state court's decision. However, part of the essential reasoning of the state court was that it was dealing with a critical proceeding, or it was at least assuming that the proceeding was a critical stage for purposes of its analysis. You don't dispute that, do you? I don't dispute that that is the state court's analysis. That's correct, Your Honor. But then even taking that one step further, because there is no Supreme Court precedent holding that chronic applies in this instance, the precise contours of chronic remain unclear. Therefore, the state court had broad discretion in adjudicating the claim and its decision determining that chronic was not violated in this instance was not objectively unreasonable under Edpo. And in addition to that, Your Honors, Mislanka holds that in this instance chronic does not apply because counsel was not present due to their own failure to be present, not due to any denial by the state. So under Mislanka, chronic isn't even applicable to this case. Well, chronic said that it applies, or that there's constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during the critical stage of the proceeding. Why doesn't that language pertain here? Whether counsel was totally absent. Well, the standard on the chronic, that it applies that there's constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during the critical stage of the proceeding. So my question was why doesn't that standard apply in these factual circumstances? Well, I've cited Wingo in my brief, Your Honor, and that was an instance where counsel was physically absent from what this court assumed was a critical stage, but because counsel telephoned his client, met with his client prior to what was the critical stage, gave him advice. Are you talking about this case or the Wingo case? The Wingo case. And it's similar to this case, Your Honor, in that counsel met with Mr. Clark or went over the competency report. Whether they physically met, the Michigan Court of Appeals held that they did go over the competency report together, and that's presumed correct under ADPA. The counsel called the court. I'm talking about this case. So in other words, that last point, that's a fact finding by the Michigan Court of Appeals. It is. And under 2254D2, it's presumed correct, and we don't have any clear and convincing evidence rebutting that presumption of factual correctness that Mr. Clark did review the report with his attorneys, that he saw the report, knew its contents, and stipulated to its accuracy. Why does that obviate any problems resulting from the fact that the defendant or the petitioner didn't have representation at the competency hearing? I think this would... In the sense that if there was a strickling problem from the counsel not providing the representation, the fact that he subsequently looked at the report, how does that obviate whether there was a constitutional problem of not providing counsel at a critical stage? I don't think that he subsequently looked over the report, so I just want to correct that, that it was prior to the competency hearing he saw the report with his counsel. And I think this would be a very different case, Your Honors, if we didn't have the defendant's statements on the record that he did review the competency report with his counsel and wanted to stipulate to its accuracy, and if we didn't have counsel calling the court and saying, we stipulate to the accuracy of the report. Why do you think it's appropriate to factor the defendant's statements into this when his competency was in question and he was there for competency hearing? And now we're saying that the absence of counsel can be justified by statements made by the defendant when the defendant's competency was at issue at the hearing. Well, I think we have to view it in context, and that's that the court had initially stated, your counsel called the court and told me that they're due to a mix-up, they weren't able to appear today, but they want to stipulate to the accuracy of the report. There's never been any judicial finding regarding the reason for the absence of counsel at the hearing. That was a statement that was made. The trial judge said that he had gotten a call and counsel couldn't come. That's really all we have in that regard, is it not? That's correct, Your Honor. But I think that shows that that's counsel's own failure to be present and not any denial by the state. Counsel didn't say, oh, the prosecutor's preventing me from coming today. And so under Mislanka, that case, that would prevent comics. Well, wasn't it the responsibility of the judge to insist that counsel appear or adjourn the matter or somehow ensure that the defendant had representation at his competency hearing? Well, I think under these facts, Your Honor, defendant kind of had the benefit of counsel at his competency hearing. Who was his counsel? Who was his counsel? At the hearing, yes, at the competency hearing. Well, he didn't have counsel physically present at the hearing, but he had. That's what I mean. Who was the counsel that was physically present for the competency hearing? There was no counsel physically present, but he had the benefit of counsel before and after, and he had the benefit of counsel's advice during the competency hearing as to that you should stipulate, we should stipulate to the accuracy of the report and proceed to trial. He had the benefit of counsel during the competency hearing? The benefit of counsel. Was the counsel on the phone and appearing by speakerphone during the hearing? No, but he had the benefit of counsel's advice during the hearing as to what course. Prior to the hearing. Prior to the hearing.  While he was at. He had no attorney at the hearing. Correct. Counsel was not physically present at the hearing, but I think that when he has counsel's advice prior to the hearing, when counsel calls the court and tells the court what their course of action is going to be, and then all the defendant had to do on the record was say, yeah, that's what happened. And then the court found that based on the attorney's call to the court and the defendant's agreement with that is what happened. What did the defendant say at the hearing as to the issue of his competency? Did the defendant who was there without counsel state that he was competent or that he was not competent? He stated that he went over the competency hearing as my counterpart has pointed out. Yes, but did he argue at the hearing that he was competent or did he argue at the hearing that he was not competent? He didn't argue either way at the hearing. He said that they wanted to accept the report, which I suppose would be an argument that he was competent because the report did find him competent and proceed to trial. One thing, counsel, I assume you concede that nothing about your position of the case prohibits him from bringing an ineffective assistance claim. That's correct. In other words, the lawyers, maybe it's ineffective assistance because they had a scheduling screw-up or maybe it's ineffective assistance because they're lazy, they don't care enough about all of these, can still lead to ineffective assistance claims. The question here is whether we have a complete denial and get the chronic presumption. That's correct, Your Honor. So, I mean, I think it's worth putting that in context. And I don't believe that, as I stated, that there was a complete denial given that counsel gave Mr. Clark advice prior to the hearing, called the court and said, we want to stipulate to the accuracy of this report and then did not raise the issue subsequently and say, oh, no, this isn't what we wanted to happen. Did counsel advise the defendant how to conduct a competency hearing? It's unclear on the record what counsel actually advised defendant related to the hearing. We don't know what legal advice he gave or did not give to the defendant in advance of the competency hearing as to how the hearing should be conducted or how he should represent himself. Is that correct? That's correct, Your Honor, and I think that's a logical inference from the facts that they believed that they were going to be present at the competency hearing, but due to a mix-up were unable to be present. So they called the court to tell the court how they were planning on proceeding during the competency hearing. All right. So unless Your Honors have any further questions, I'll yield the rest of my time and just request that the district court be affirmed. All right. Thank you. So I've looked at this Godinez case. You know, that only applies if he's waiving his right to counsel, and that's just not what's going on here. That I don't see. Your Honor, we'll have to disagree on that because I think that if his counsel is not present, somebody's got to represent him at the competency hearing. There has to be adversarial testing, and if his counsel's not going to do it. There are cases where you can call the counsel. They don't have to physically be present. No one says that's a Sixth Amendment denial. Here he communicated that he's spoken to them, and the key line here is the Sixth Amendment requires in a criminal case they get a lawyer, okay? So that's clear. Everyone agrees with that. If the state prohibits the lawyer from being there, that gets you in chronic land because it's so severe. They're saying they're doing something, the state court, the state prosecution, to prevent the lawyer from being there. If you're not in that land, which is this case, then you can have a denial because the lawyer the state got doesn't do his or her job. Maybe that's what happened here. Maybe that was pretty sloppy not to show up at the hearing or having a scheduling conflict, but that's just not a chronic claim. That's where the lawyer messes up, and this is clearly a case where the lawyer messed up at worst. So that's the two worlds, and, I mean, that's, I think, what Judge Batchelder is saying in this Mislana case. I think that is what Judge Batchelder is saying in this Mislana case, but at the same time, if we're going to have a competency hearing, somebody has to adversarially test the competency, and if it's not going to be the counsel because they're not present, then it's got to be the defendant. We've got to ask, is he competent to represent himself? And then, wait a second, this is a competency hearing. How do we ask that question? But that overlooks the point he had talked to his counsel. Your Honor, we don't even know what his counsel said. All we know is that he said, and let me quote him exactly because I don't want to mess that up. Yes, Your Honor, I have gone over the competency hearing with both of my attorneys and spoke at length with it, and I believe it was deemed we would pursue that trial. Don't we have a state intermediate court finding that they talked about the report, that that's how that was interpreted, which to me is the only thing that makes sense out of this statement? Don't we have to respect that finding? I don't think the record supports the state's court's finding, Your Honor. I think the record only supports that he went over the competency hearing and he wanted to go to trial, which there's no question he did. He had been incarcerated for nine months, and if you look throughout the record of the August 1st hearing, he's saying get me to trial, get me out of here. But that's not necessarily a competency hearing, and he wasn't competent to do that because on this record we don't know if he was competent or not. Thank you, Your Honors. All right, thank you for your argument, and we will have the case submitted. Thank you very much.